IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOUGLAS R. ALDRIDGE,**

    **Plaintiff,**

  v.                                            **Civil Action 2:20-cv-6357**
                                                      **Chief Judge Algenon L. Marbley**
**OHIO DEPARTMENT OF**                   **Magistrate Judge Jolson**
**REHABILITATION AND**
**CORRECTION, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's unopposed Second Motion to Amend/Correct Complaint. (Doc. 32). Plaintiff seeks to amend his Complaint to reflect that: (1) he has received a right-to-sue letter from the Equal Employment Opportunity Commission; and (2) he has filed state-law claims against Defendant Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims. (*Id.* at 2–3). Defendants represent that they do not oppose the motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371

U.S. 178, 182 (1962). Plaintiff has briefed the application of Rule 15(a)(2) to the proposed amendment. (*See* Doc. 32). The Court agrees that undue delay, undue prejudice, bad faith, futility, or failure to cure deficiencies by previous amendment do not outweigh the liberal policy in favor of amendment. Importantly, the amendment only elaborates on previous claims and should not require much, if any, additional discovery by the parties.

Yet, because Plaintiff has moved to amend after the deadline for amendment (Doc. 14), the Court must also consider "the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). The Court is satisfied that Plaintiff has acted diligently and there is good cause for amendment. Notably, this amendment is founded on a right-to-sue letter issued on July 25, 2021 and a state lawsuit initiated in October 2021. Both occurred after the deadline for amendment, and Plaintiff moved shortly thereafter to add the new facts to his Complaint.

Accordingly, Plaintiff's Motion (Doc. 32) is **GRANTED**. The Clerk is **DIRECTED** to file (Doc. 32-1) as the Second Amended Complaint in this matter, and (Docs. 32-2, 32-3) as its accompanying exhibits. Finally, because the First Amended Complaint is no longer the operative pleading in this case, Defendants' Motion for Judgment on the Pleadings (Doc. 26) is **DENIED without prejudice as moot.**

IT IS SO ORDERED.

Date: November 15, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE